**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **Remnant Oil Company, LLC and** | ) | **CASE NO. 19-70106** |
| | ) | |
| **Remnant Oil Operating, LLC,** | ) | **CASE NO. 19-70107** |
| | ) | |
| | ) | **Chapter 11** |
| **Jointly Administered Debtors.** | ) | |
| | ) | **(Jointly Administered** |
| | ) | **Under Case No. 19-70106)** |

**UNITED STATES' OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDFER (I) AUTHORIZING THE PRIVATE SALE OF DEBTORS CAPROCK ASSETS PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; (II) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE RELATED LEASES AND CONTRACTS PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND (III) GRANTING RELATED RELIEF**

The United States, on behalf of the United States Department of Interior (Interior), through the Office of Natural Resources Revenue (ONRR), the Bureau of Land Management (BLM), and the Bureau of Indian Affairs (BIA) hereby objects (US Objection) to the Debtor's Motion for Orders (I)(A) Approving Bidding Procedures for the Sale of Substantially All of the Debtor's Assets, (B) Authorizing the selection of a Stalking Horse Bidder, (C) Approving Bid Protections, (D) Scheduling an Auction and hearing to Consider Such Sale of Assets, Approving Assumption and Assignment Procedures Related to Such Sale, and (F) Approving the Form and Manner of Related Notice: and (I)(A) Authorizing the Sale of such Assets Free and clear of liens, claims, Encumbrances, and Interest, (B) Authorizing and Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with such Sale and (C) Granting Related Relief [Docket No. 95], and the Exhibits attached thereto. Specifically, the United States objects to the assumption and/or

assignment, and the sale, as proposed, of any and all lease interests in Federal oil and gas leases and executory contracts. In support of this Objection, the United States respectfully states as follows:

## BACKGROUND

1. At all relevant times, the United States Department of Interior was and is the agency of the United States charged, inter alia, with discretionary authority over the management of oil and gas rights on (1) federal onshore lands, Mineral Leasing Act of 1920 (MLA), 30 U.S.C. § 181 et. seq., and the Mineral Leasing Act for Acquired Lands of 1947, 30 U.S.C. §§ 351 et seq., and other applicable Acts.

2. These statutes and their implementing regulations prohibit the assignment and operation of contracts and leases without the approval of the Secretary of Interior. Prerequisites to such approval include, but are not limited to, the cure of existing contract and lease defaults, the assumption of decommissioning obligations, and the posting of appropriate bonds or other security and the qualification of the assignee to hold a lease or other agreement. The statutes and regulations further provide that a former lessee/assignor/transferor continues to be responsible for plugging and abandonment obligations that accrued before the approval date of the assignment until such obligations are satisfied

### Assumption and Assignment of Interests in Federal Lands

3. Section 365(b) of the Bankruptcy Code provides that a debtor-in-possession may not assume an executory contract or unexpired lease in default unless the debtor-in-possession: (1) cures the default or provides adequate assurance of a prompt cure; (2) compensates the non-debtor party to the contract or lease for the pecuniary loss suffered from the default or provides adequate assurance of future performance under the contract or lease. 11 U.S.C. § 365(b)(1)(A)-(C). Further, the debtor may not assume or assign any executory contract or unexpired lease of

the debtor if applicable law excuses the other party from accepting performance from other than the debtor and such party does not consent to such assumption or assignment. 11 U.S.C. § 365(c)(1)(A) & (B). Finally, "[n]otwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property . . . proposed to be . . . sold . . . the court shall . . . prohibit or condition such sale . . . as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e).

4. Consistent with the Bankruptcy Code, other statutory law also provides that no Federal lease may be assigned or sublet or otherwise transferred without the consent of the Secretary of Interior. 30 U.S.C. § 187(a).

5. The agencies' regulations also require specific approval for assumption and assignment of Federal oil and gas interests. The BLM regulations, 43 C.F.R. § 3106.1, require approval of assignments or transfers of federal leases and agreements ("The rights of the transferee to a lease or an interest therein shall not be recognized by the [Interior] until the transfer has been approved by the authorized officer.").

6. Further, Federal law precludes the Debtors from assuming the contracts and leases absent consent from the United States because it is imperative to preserve the Government's ability to determine with whom to do business. The Assignment of Contracts Act, 41 U.S.C. § 6305, and its analog, the Assignment of Claims Act, 31 U.S.C. § 3727. See *Vermont Yankee Nuclear Power Corp. v. United States*, 73 Fed. Cl. 236, 240 (Fed. Cl. 2006). Under the Assignment of Contracts Act Debtors may not assign or assume a contract with the United States without first obtaining its consent. *In re West Electronics, Inc.*, 852 F.2d 79, 83 (3d Cir. 1988). This consent requirement, inherent in the Assignment of Contracts Act and the applicable regulations, allows the United

States to ensure the transferee's compliance with the various requirements attendant to a transfer of the leases. See 43 C.F.R. subpart 3106; 25 C.F.R. Subpart 212.

7. Accordingly, the Debtors may not assign any of their interests in the Federal oil and gas leases without the specific approval of the Secretary of Interior. And such approval is contingent upon the Debtors meeting all of the regulatory criteria for such consent, *inter alia*, cure of any and all lease/contract defaults, adequate financial assurances relating to bonds, etc., and assumption of all obligations, including audit and decommissioning obligations. Thus, in order for Debtors to assume and or assume and assign their federal oil and gas interests, Debtors must first cure any and all defaults, including pre- and post-petition royalties and interest accrual owed to ONRR on those leases and agreements, or provide adequate assurance that such defaults will be cured, 11 U.S.C. § 365(b)(1)(A), and must assume their other audit related obligations.

8. In sum, such assumption and assignment requires the consent of the United States. See 11 U.S.C. § 365(c)(1); 41 U.S.C. § 6305; 30 U.S.C. § 187(a); 25 U.S.C. § 396; 25 CFR § 212.53; and 43 C.F.R. § 3106.1. As discussed below, the Debtors have not met the requirements for the Secretary's approval and assignment of the Leases and Contracts.

**OBJECTIONS**

9. On August 29, 2019, Debtors filed their Motion for Entry of Orders which included, among other things, approving the sale of substantially all of Debtors' Assets Free and Clear of Liens, Claims, and Encumbrances, and Other Interests, and Authorizing and Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases (Debtors' Motion for Entry of Orders) (Dkt. # 95). Debtors' Motion did not acknowledge or address the requirement that it obtain approval by the Secretary of Interior for assignment/sale of Debtors' Federal oil and gas lease interests.

**Debtors' Decommissioning Obligations**

10. Pursuant to the Mineral Leasing Act of 1920, 30 U.S.C. §§ 181 *et seq.* (MLA), and the Mineral Leasing Act for Acquired Lands of 1947, 30 U.S.C. §§ 351 *et seq.*, the regulations enacted pursuant thereto, notices to lessees, the terms of the leases and other applicable provisions of the law, the Debtor is obligated to protect and conserve the natural resources of the Federal lands, as well as private lands where mineral rights have been retained by the Federal Government. These obligations include, but are not limited to, the obligations to: (1) timely and completely plug all wells; (2) environmentally reclaim the lease area(s); (3) restore any water or lands that are adversely affected by the lease operations; (4) remedy all environmental problems in existence at the lease area(s); and (5) to submit a surety bond or personal bond accompanied by negotiable Treasury securities, cashier's check, certified check, certificate of deposit, or irrevocable letter of credit in an amount deemed adequate by the United States to ensure compliance with the law; MLA; 43 C.F.R. § 3104.1, 43 C.F.R. § 3104.2, 43 C.F.R. § 3104.3, 43 C.F.R. § 3104.5(b); 43 C.F.R. § 3106.6-1. These obligations to ensure compliance with the lease terms, including protection of the environment, are known as decommissioning or plugging and abandonment ("P&A") obligations.

11. Decommissioning obligations arise when there is an approved application to drill (APD) on the lease or there is an unplugged well on the lease. 43 C.F.R. § 3106.6-1. Lessees, owners of operating rights, and all holders of a right-of-way are responsible for meeting these obligations as the obligations accrue and until each obligation is met. 43 C.F.R. § 3106.6-1. Pursuant to the terms of the lease instruments and the regulations, performance of these obligations, however, is generally not due until production is abandoned or the lease expires. 43 C.F.R. § 3106.7-6.

12. Section 365 of the Bankruptcy Code applies to the Federal oil and gas leases and contracts, and therefore, the Debtors, or any other buyer or assignee, must assume all obligations, including, *inter alia*, the decommissioning obligations under oil and gas leases and contracts.

### Debtors' Monetary Defaults and Cure Amounts

13. Debtors seek approval to sell substantially all of its assets and assume and assign executory contracts and unexpired leases and to do so, must cure its outstanding debts, if any, with the United States. Pursuant to the Federal Oil and Gas Royalty Management Act of 1982 (FOGRMA), as amended by the Federal Oil and Gas Royalty Simplification and Fairness Act of 1966 (RSFA), 30 U.S.C. § 1701 et. seq., the regulations enacted pursuant thereto, terms of the leases and contracts, and other applicable provisions of law, the Debtors are liable for payment of royalties, rents, fees and other obligations, and for the maintenance of records relating to their oil and gas leases for six years unless the Secretary directs otherwise. *Id*. § 1712 -13. Correspondingly, the Secretary is required to audit and reconcile leases of oil and gas. *Id*. at § 1711. This duty has been delegated to ONRR.

14. It appears that there are no pre-petition liabilities due from Debtor to ONRR, but reserves the right to assert there are pre-petition liabilities if such are determined

15. However, Debtors have in excess of 100 missing Oil and Gas Operations Reports (OGORs) which Debtors are required to submit by federal regulation. To assume, or assume and assign Federal oil and gas interests, Debtors must first cure all outstanding filing requirements due to ONRR.

16. Further, the Debtor is required to comply with a Preliminary Determination (OMT case 10031448) issued in August 2018 finding Remnant Oil Operating, LLC reported incorrectly,

paid incorrectly, or both. The Preliminary Determination follows a review of production reports, royalty reports-or both-submitted to ONRR.

## Proposed Language

17. The United States proposes the following language be added to any order approving the Debtors' Motion for the issuance of orders to assume and assign, and for the sale, of Federal lease interests to resolve the issues the United States has raised in this Objection:

> Notwithstanding any other provision in the Motion, this Order or any implementing use, sale, or transfer documents (collectively, the "Sale Documents"), any sale, assignment and/or transfer of any interests in contracts, leases, covenants, operating rights agreements, rights-of-use and easements, and rights-of-way or other interests or agreements (a) with the federal government; (b) involving (i) federal land or minerals; (collectively, the "Federal Leases"), will be ineffective with respect thereto absent the consent of the United States. The Debtors and the Buyer agree to comply with all applicable bankruptcy and non-bankruptcy law with respect to the Federal Leases, and nothing in the Sale Documents shall otherwise affect any decommissioning obligations and financial assurance requirements under the Federal Leases as determined by the United States (as provided for under applicable law and the Federal Leases) that must be met by the Debtors and/or the Buyer, as applicable. Moreover, nothing in this Order or the Sale Documents shall be interpreted to require the United States to novate, approve or otherwise consent to the assumption, sale, assignment and/or transfer of any interests in the Federal Leases.
>
> For the avoidance of doubt, in order to obtain the consent of the United States to the assumption, sale, assignment and/or transfer of any interests in a Federal Lease, all existing defaults under such Federal Lease, including, without limitation, any outstanding rents or royalties known and satisfactorily documented to date, plus any accrued and unpaid interest lawfully chargeable against any such underpayments of royalty interests, must be paid (i.e., assumed and/or cured, to the extent appropriate), and any reporting requirements or outstanding reports must be submitted and nothing in this Order, or the Sale Documents, shall be interpreted to set Cure Costs for the Federal Leases.
>
> Notwithstanding any other provision herein the United States will retain, and have, the right to audit and/or perform any compliance review related to the Federal Leases and, if appropriate to collect from the Debtors or their successors and assigns (including the Buyer (s) and Reorganized Debtors, if applicable) and under applicable federal regulations any additional monies owed by the Debtors that accrued prior to the transfer or assignment of the Federal Leases without those rights being adversely affected by these bankruptcy proceedings. The Debtors, and their successors and assigns (including the Buyer (s) ) and Reorganized Debtors, if applicable)) will retain all defenses and/or rights, other than defenses and/or rights arising from the bankruptcy, to challenge any such determination: provided, however, that any such challenge, including any challenge associated with this bankruptcy proceeding, must be raised in the United States' administrative review process leading to a final agency determination by the

United States Department of the Interior Office of Natural Resources Revenue. The audit and/or compliance review period shall remain open for the statute of limitations period applicable by law. In addition, nothing in the Assumption and/or Assignment Order, or Sale Order, or the Purchase and Sale Agreement(s) addresses or shall otherwise affect any plugging and abandonment obligations and financial assurance requirements under the Federal Lease(s), as determined by the Department of the Interior of the United States, that must be met by the Debtors or their successors and assigns ((including the Buyer(s)) going forward.

18. As explained above, this language correctly recognizes the United States' rights to: (1) require consent and adequate cure prior to the assignment of the Federal and Indian leases and contracts under section 365 of the Bankruptcy Code; and (2) requires compliance with financial assurance, decommissioning obligations, audit, reporting and other associated obligations of the Federal leases and contracts and other non-bankruptcy law.

## CONCLUSION

For the reasons stated above, the United States objects to the Debtors' motion for entry of orders authorizing and approving the Debtors' assumption and assignment of executory contracts and leases, and approving the sale of substantially all of the Debtors' assets free and clear of all liens, claims, encumbrances, and other interests, without the proposed language included in the Assumption and/or Assignment order, and the Sale Order.

Dated: March 9, 2020

                                                       Respectfully submitted,

                                                      JOHN F. BASH
                                                      United States Attorney

By: */s/ Steven B. Bass*
      STEVEN B. BASS
      Assistant United States Attorney
      903 San Jacinto Blvd., Suite 334
      Austin, Texas 78701
      (512) 916-5858 /Fax (512) 916-5854
      Florida State Bar No. 767300

CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2020 a true and correct copy of "United States' Objection To Debtors' Motion For Entry of an Order (I)Authorizing The Private Sale of Debtors Caprock Assets Pursuant to Section 363 of The Bankruptcy Code; (II) Authorizing the Assumption and Assignment of the Related Leases And Contracts Pursuant To Section 365 of The Bankruptcy Code And (III) Granting Related Relief"was served via the Courts CM/ECF notification upon all parties requesting such electronic notice in this proceeding, and that copies were served via U.S. First Class Mail, postage prepaid, on the following parties:

Remnant Oil Company, LLC
6 Desta Dr #5100
Midland, TX 79705

Daniel B. Besikof
Bethany D. Simmons
Loeb & Loeb, LLP
345 Park Avenue
New York, NY 10154

Bernard R. Given, II
Loeb & Loeb LLP
10100 Santa Monica Blvd Suite 2200
Los Angeles, CA 90067

U.S. Trustee's Office
P.O. Box 1539
San Antonio, TX 78295

                                                /s/ Steven B. Bass
                                                STEVEN B. BASS
                                                Assistant United States Attorney