**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **REMNANT OIL COMPANY, LLC,** and | § | Case No. 19-70106 |
| **REMNANT OIL OPERATING, LLC,** | § | Case No. 19-70107 |
| | § | |
| Debtors. | § | Chapter 7 |
| | § | |
| | § | (Jointly Administered Under Case No. 19-70106) |

**NM STATE LAND OFFICE'S RESPONSE AND LIMITED OBJECTION TO CHAPTER 7 TRUSTEE'S MOTION TO SELL REAL PROPERTY (Doc. 409)**

THE STATE OF NEW MEXICO, STATE LAND OFFICE ("State Land Office"), by and through its attorney Hector H. Balderas, Attorney General of the State of New Mexico (James C. Jacobsen, Assistant Attorney General), responds to and submits its limited objection to the *Motion of Ronald Ingalls, Chapter 7 Trustee to Sell Real Property Free and Clear of Liens, Claims, Interests and Encumbrances (Oil and Gas Assets)*, filed June 8, 2020 as Doc. #409 ("Motion"), stating:

1. Under the direction of the New Mexico Commissioner of Public Lands, the State Land Office manages 9 million surface acres and 13 million mineral acres across 32 New Mexico counties. The mission of the agency is to use these state trust land to raise revenue for New Mexico public schools, hospitals, colleges, and other public institutions.

2. While the Exhibits defining the Assets to be sold referenced on Page 2 of the Asset Purchase Agreement incorporated into the Motion beginning on Page 7 do not appear to be attached to the pleadings on file, the State Land Office believes it is the Lessor or counterparty to Oil and Gas Leases, Water Easements, Rights of Way and

Surface Use Agreements encompassed by what has been referred to previously as the Caprock Property, property the Trustee seeks to sell.

3. As with those of the United States, New Mexico's statutes and implementing regulations governing the State Land Office prohibit the assignment and operation of contracts and leases without the approval of the Commissioner of Public Lands. As with the United States, prerequisites to that approval include the cure of existing contract and lease defaults, the assumption of decommissioning obligations and the provision of adequate financial assurance of performance through surety bonds or other security. New Mexico's Oil and Gas Act, NMSA 1978, §70-2-1 *et seq.* and the applicable implementing regulations, require any entity seeking a license to operate an oil & gas-related wells do much the same, *see, Statement*, attached to the Oil Conservation Division's Proof of Claim No. 7, filed September 24, 2019 in the Remnant Oil Operating, LLC case.

4. In the same fashion as the United States, New Mexico imposes on operators requirements for the abandonment of oil and gas wells, and for financial assurance of proper performance of those requirements, e.g. (1) that they will timely and completely plug all wells; (2) that they will environmentally reclaim the lease area(s); (3) that they will restore any water or lands that are adversely affected by the lease operations; (4) that they will remedy all environmental problems in existence at the lease area(s); and (5) that they submit a surety bond or appropriately secured personal bond in an amount deemed adequate by New Mexico to ensure compliance with the law. As with the United States, any buyer or assignee from the Debtor must assume all these obligations.

5. The required production reporting has lagged and the State Land Office is uncertain as to any Claim it may have against the Debtors or their chapter 7 Estates for pre- or post-petition lease defaults. The State Land Office reserves the right to assert a Claim if any such liabilities are determined. It may be that leases for certain properties have terminated as provided therein under provisions related to production or rental payments, or other self-effectuating lease terms.

6. In Paragraph 10, the Motion provides that, "(c) Obligations to governmental entities related to the Assets; (d) Obligations secured by surety bonds…" are to be treated as liens, subject to which the Assets will be sold. However, the Proposed Order, Doc# 409-1, provides in Paragraph 3 that, "The sale shall be free and clear of all liens, claims, interests and encumbrances except as provided herein," without any apparent provisions for excepting those governmental obligations defined as liens.

7. This seeming ambiguity causes the State Land Office concern with how any sale order might be subsequently interpreted. The State Land Office believes adapting and adopting the clarifying language suggested in Doc# 327, filed March 9, 2020, the United State's Objection to the Debtors' attempt to sell the Caprock Properties, would eliminate those concerns. Therefore, the State Land Office prays the Court add the following language to the Trustee's Proposed Order and/or incorporate into any order approving the Trustee's Motion:

> Notwithstanding any other provision in the Motion, this Order or any implementing use, sale, or transfer documents (collectively, the "Sale Documents"), any sale, assignment and/or transfer of any interests in contracts, leases, covenants, operating rights agreements, rights-of-use and easements, and rights-of-way or other interests or agreements: (a) with a Governmental Unit; or (b) involving (i) a Governmental Unit's land or minerals; (collectively, the "Government Leases"), will be ineffective with respect thereto absent the consent of the Governmental Unit. The Debtors

and the Buyer agree to comply with all applicable bankruptcy and non-bankruptcy law with respect to the Government Leases, and nothing in this Order or the Sale Documents shall otherwise affect any decommissioning obligations and financial assurance requirements under the Government Leases as determined by the Governmental Unit (as provided for under applicable law and the Government Leases) that must be met by the Debtors, the Debtors' chapter 7 Estates, and/or the Buyer, as applicable. Moreover, nothing in this Order or the Sale Documents shall be interpreted to require a Governmental Unit to novate, approve or otherwise consent to the assumption, sale, assignment and/or transfer of any interests in the Government Leases.

For the avoidance of doubt, in order to obtain the consent of a Governmental Unit to the assumption, sale, assignment and/or transfer of any interests in an existing Government Lease, all existing defaults under the Government Lease being conveyed, including, without limitation, any outstanding rents or royalties known and satisfactorily documented to date, plus any accrued and unpaid interest lawfully chargeable against any such underpayments of royalty interests, must be paid (i.e., assumed and/or cured, to the extent appropriate), and any reporting requirements or outstanding reports must be submitted. Nothing in this Order, or the Sale Documents, shall be interpreted as setting Cure Costs for the Government Leases.

Notwithstanding any other provision herein, Governmental Units will retain, and have, the right to audit and/or perform any compliance review related to the Government Leases and, if appropriate to collect under applicable regulations from the Debtors or their successors and assigns (including the Buyer and Debtors, if applicable) or assert a Claim against the Debtors' chapter 7 Estates for, any additional monies owed by the Debtors that accrued prior to the transfer or assignment of the Government Leases without those rights being adversely affected by these bankruptcy proceedings. The Debtors, the Debtors' chapter 7 Estates and their successors and assigns (including the Buyer and Debtors, if applicable) will retain all defenses and/or rights, other than defenses and/or rights arising from the bankruptcy, to challenge any such determination: provided, however, that any such challenge, including any challenge associated with this bankruptcy proceeding, must be raised in any administrative review process leading to a final agency determination by the Governmental Unit. The audit and/or compliance review period shall remain open for the statute of limitations period applicable by law. In addition, nothing in the Assumption and/or Assignment Order, or Sale Order, or the Purchase and Sale Agreement(s) addresses or shall otherwise affect any plugging and abandonment obligations and financial assurance requirements under the Government Lease(s), as determined by the appropriate governmental agency, that must be met by the Debtors or their successors and assigns (including the Buyer) going forward.

WHEREFORE, the New Mexico State Land Office objects to entry of any order approving the *Motion of Ronald Ingalls, Chapter 7 Trustee to Sell Real Property Free and Clear of Liens, Claims, Interests and Encumbrances (Oil and Gas Assets)*, filed June 8, 2020 as Doc. #409 without the clarifying language set forth above, and that the Court grant it such other and further relief as the Court deems just and appropriate.

    Respectfully submitted,
    HECTOR H. BALDERAS,
    New Mexico Attorney General
    by: /s/ Electronically Submitted
    James C. Jacobsen, NM Bar 1261
    (*Admitted Pro Hac Vice*)
    Assistant Attorney General
    201 Third Street NW, Suite 300
    Albuquerque, NM 87102
    (505) 717-3527
    (505) 318-1050 (fax)
    jjacobsen@nmag.gov

I CERTIFY that on June 18, 2020 I electronically filed the foregoing with the Court via the CM/ECF system. All attorneys and parties identified with the Court for electronic service on the record in this case received service electronically in accordance with the CM/ECF system on the date of filing. I certify that on June 18, 2020 I mailed the foregoing, first class postage pre-paid, to the following parties, at the addresses listed below:

**United States Trustee:**
Henry G. Hobbs,
Deborah Bynum
Office of the U.S. Trustee
903 San Jacinto Blvd., Room 230
Austin, TX 78701

**Chapter 7 Trustee:**
Ronald E. Ingalls
PO Box 2867
Fredericksburg, TX 78624-1927

**Debtor:**
Remnant Oil Company, LLC
6 Desta Dr #5100
Midland, TX 79705

**Professionals for Trustee:**
Barbara M. Barron
Stephen W. Sather
Barron & Newburger, P.C.
7320 N. Mopac Expressway
Greystone II, Suite 400
Austin, TX 78731

John Mosley
3834 Spicewood Springs Road, Suite 202
Austin, TX 78759

**Professionals for Debtor:**
Daniel B. Besikof
Bethany D. Simmons
Loeb & Loeb, LLP
345 Park Avenue
New York, NY 10154

Bernard R. Given, II
Loeb & Loeb, LLP
10100 Santa Monica Blvd, Suite 2200
Los Angeles, CA 90067

**Secured Creditors:**
3-2-1 Partners, Ltd.
Thomas Howells
9706 Ruskin Circle
Sandy, UT 84092-3569

Art's Hot Oil Service, LLC
Arturo R. Carrasco Principal
PO Box 188
Lovington, NM 88260-0188

Baker Hughes Oilfield Operations, LLC
Will Marsh Chief Legal Officer
PO Box 301057
Dallas, TX 75303-1057

Baker Petrolite
12645 W. Airport Blvd
Sugar Land, TX 77478-6120

Ben's Oilfield Services, LLC
Attn: Jennifer Grassham
2701 N. Acoma
Hobbs, NM 88240-1801

Ben's Oilfield Svc LLC
PO Box 2364
Hobbs, NM 88241-2364

Bens Oilfield Services
4411 98thy Street, Suite 400
Lubbock, TX 79424-5062

First Capital Bank Texas
310 W. Wall Street, Suite 100
Midland, TX 79701-5129

First Capital Bank of Texas, N.A.
c/o John Massouh
Sprouse Shrader Smith PLLC
PO Box 15008
Amarillo, TX 79105-5008

Mesa Well Servicing, LP
PO Box 1620
Hobbs, NM 88241-1620

Mesa Well Servicing, LP
c/o Dore Rothberg McKay, P.C.
17171 Park Row, Suite 160
Houston, TX 77084-4927

Midland County
c/o Laura J. Monroe
Perdue, Brandon, Fielder, Collins & Mott
PO Box 817
Lubbock, TX 79408-0817

Midland CAD
c/o Tara LeDay
PO Box 1269
Round Rock, TX 78680-1269

Motley Service, LLC
2150 S. Dixie Blvd
Odessa, TX 79766-2167

Ben's Oilfield Services, LLC
c/o Traci D. Siebenlist
Crenshaw Dupree & Milam LLP
PO Box 64479
Lubbock, TX 79464-4479

Motley Service, LLC
Aka KLX Energy Services LLC
Kozyak Tropin Trockmorton
2525 Ponce De Leon, 9th Floor
Miami, FL 33134

Rick's Well Service
Mark Schuck
700 Louisiana St, Suite 4800
Houston, TX 77002

Beverly Schmidt Couzzart
Irrevocable Trust
Amarillo National Bank TTEE
PO Box 1
Amarillo, TX 79105-0001
Amarillo, TX 79105-0001

Tessco Energy Svc., Inc.
PO Box 1999
Midland, TX 79702-1999

US Dept. of the Interior, BLM
c/o Mitchell Zeff
1100 L. Street, NW – Room 7530
Washington DC 20007

Wildcat Oil Tools Storage
706 N. Colorado
Midland, TX 79701-3437

B b v William E. Walker Living Trust
4849 W. Lone Mountain Road, Apt 101
Las Vegas, NV 89130

Steven B. Bass
Assistant United States Attorney
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701

Catherine Claire Couzzart
Irrevocable Trust
Oil and Gas Dept
Amarillo National Bank TTEE
PO Box 1
Amarillo, TX 79105-0001

Margaret Francis Grace Couzzart
Irrevocable Trust
Oil and Gas Dept
Amarillo National Bank TTEE
PO Box 1
Amarillo, TX 79105-0001

/s/ James C. Jacobsen